IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

     Plaintiff,                                No. CIV S-10-2805 FCD EFB

     vs.

TERESA M. MARTY,

     Defendant.                          <u>ORDER</u>

_____/

        On July 20, 2011, the court heard plaintiff United States of America's motion for default judgment. Dckt. No. 7. Attorneys Yoshinori Himel and Patrick Jennings appeared at the hearing on behalf of plaintiff; defendant Teresa Marty appeared pro se.

        Even though defendant failed to file a timely answer or otherwise appear in this action prior to the July 20 hearing, and even though defendant failed to file an opposition to plaintiff's motion for default judgment, the court construed defendant's appearance at the July 20 hearing as a motion pursuant to Federal Rule of Civil Procedure 55(c) to set aside the clerk's entry of default and as an opposition to plaintiff's motion for default judgment. At the hearing, plaintiff's counsel indicated that it would withdraw the motion for default judgment and would stipulate to set aside the clerk's entry of defendant's default. The court then gave defendant a deadline for filing an answer to plaintiff's complaint, and stated that once defendant filed an answer, the

clerk's entry of default against her would be set aside.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for default judgment, Dckt. No. 7, is deemed withdrawn.

2. On or before August 1, 2011, defendant shall file an answer to plaintiff's complaint.

3. Upon receipt of defendant's answer, the clerk's entry of defendant's default will be deemed set aside.

4. Once defendant's answer has been filed, plaintiff may file a motion for summary judgment, as indicated at the July 20 hearing.[1]

5. Defendant is admonished to read carefully Rule 11(c) of the Federal Rules of Civil Procedure. Rule 11 provides for the imposition of monetary sanctions for the signing and filing of a pleading that is presented for purposes of harassment or delay; asserts claims, defenses, or other legal contentions that are not warranted by existing law; makes factual contentions that lack evidentiary support; and/or denies factual contentions that are warranted on the evidence.

SO ORDERED.

DATED: July 20, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] If plaintiff seeks to have the motion for summary judgment heard on August 31, 2011, as indicated at the July 20, 2011 hearing, the motion shall be filed and served on or before August 3, 2011, as required by Local Rule 230(b). If plaintiff elects to notice the motion for hearing on August 31, 2011, defendant's opposition to that motion will be due on August 17, 2011 and plaintiff's reply thereto will be due on August 24, 2011, as provided in Local Rule 230(c) and (d).